SHOLES & MILLER, LLP
SARAH E. SHOLES (SS 6445)
327 Mill Street
P.O. Box 4609
Poughkeepsie, New York 12602

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CELIA KATZ, Individually, and as Administratrix of the Estate of MICHAEL KATZ<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL D. LANIGAN, MD,<br>MITCHELL S. STRAND, MD,<br>ELLIOTT MAYEFSKY, MD,<br>CLEVELAND W. LEWIS, JR. MD, and<br>ORANGE REGIONAL MEDICAL CENTER,<br><br>Defendants. | CIVIL ACTION<br>NO.: 2008-4029<br><br>ANSWER<br><br>DEFENDANT DEMANDS JURY TRIAL<br><br>DESIGNATION OF TRIAL COUNSEL – SARAH E. SHOLES |

The defendant, Orange Regional Medical Center, by its attorneys, Sholes & Miller, LLP, answering the Complaint of the plaintiff, states as follows, upon information and belief:

## JURISDICTION

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1," "2," "3," "4," "5" and "7" of the complaint.

2. Denies each and every allegation contained in paragraph "6" of the complaint but admit Orange Regional Medical Center maintains a place of business at 4 Harriman Drive, Goshen, New York.

## GENERAL ALLEGATIONS

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "9," "10," "11," "12," "13," "14," "15," "17," "18," "19," "20," "21," "22," "23," "24," "25," "26," "27," "28," "29," "30," "31," "32," "33," "34," "35," "36,"

"37," "38," "39," "40," "41," "47," "48," "49" and "50" of the complaint.

4.    Denies each and every allegation contained in paragraphs "16," "42," "43," "44," "45," "46," "51," "53," "54," "55" and "56" of the complaint.

5.    Denies the allegations contained in paragraph "52" of the verified complaint in the form alleged, except admits that Orange Regional Medical Center exercised reasonable care, diligence and skill.

## COUNT I

6.    With respect to the allegations contained in paragraph "57" of the verified complaint, the defendant repeats and realleges the responses hereinabove set forth in paragraphs "1" through "5" with the same force and effect as if fully set forth herein at length.

7.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "59" of the complaint.

8.    Denies each and every allegations contained in paragraphs "58," "61" and "62" of the complaint.

9.    Denies the allegations contained in paragraph "60" of the complaint and respectfully refers all questions of law to the Court.

## COUNT II

10.   With respect to the allegations contained in paragraph "63" of the verified complaint, the defendant repeats and realleges the responses hereinabove set forth in paragraphs "1" through "9" with the same force and effect as if fully set forth herein at length.

11.   Denies the allegations contained in paragraph "64" of the complaint and respectfully refers all questions of law to the Court.

12.   Denies the allegations contained in paragraphs "65" and "66" of the complaint.

## COUNT III

13. With respect to the allegations contained in paragraph "67" of the verified complaint, the defendant repeats and realleges the responses hereinabove set forth in paragraphs "1" through "12" with the same force and effect as if fully set forth herein at length.

14. Denies each and every allegations contained in paragraph "68" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. That the plaintiff's complaint fails to state facts sufficient to state a cause of action against this answering defendant, Orange Regional Medical Center and should therefore be dismissed pursuant to CPLR 3211(a)(7).

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. Upon information and belief, the plaintiff's economic loss, if any, as specified in CPLR 4545, was replaced or indemnified in whole or part from collateral sources and the answering defendant is entitled to have the Court consider the same as reducing or offsetting damages under any verdict in this action, in determining such damages as provided by CPLR 4545.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. The answering defendant denies liability but pleads that if found liable at all in this matter, said defendant's liability is fifty percent (50%) or less of the total liability of all persons and/or entities liable; and by reason of CPLR Article 16, the answering defendant's liability to the plaintiff for non-economic loss shall not exceed the answering defendant's equitable share, determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. The answering defendant hereby asserts a setoff pursuant to GOL Section 15-108 against any and all settlements entered into by or judgments recovered by the plaintiff with reference to the injuries at issue.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. That if plaintiff's decedent sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in party by actions or omissions of another or others over whom the answering defendant is not responsible, and whose conduct the defendant had no duty or reason to anticipate or control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. At the time of trial, this answering defendant will ask the Court to charge the jury on the issues of indemnification and/or apportionment or contribution among all responsible tortfeasors.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21. The relative culpability of each party who is or may be liable for the damages alleged by the plaintiff in this action should be determined in accordance with the decisional and statutory law of the State of New York, and the equitable share of each party's liability for contribution should be determined and apportioned in accordance with the relative culpability, if any, of each such party pursuant to Article 14 of the CPLR.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

22. New York State is the forum state in this matter, thus the claims and damages alleged by the plaintiff in this action should be determined in accordance with the decisional and statutory laws of the State of New York.

WHEREFORE, the defendant, Orange Regional Medical Center, demands judgment dismissing the plaintiff's complaint as to said defendant, together with costs and disbursements, and further demands that the ultimate rights of said defendant and all other defendants, as amongst themselves, be determined herein, and that said defendant have judgment over against all other defendants for all of any judgment which may be obtained herein by the plaintiff against said defendant.

## DESIGNATION OF TRIAL COUNSEL

This Court is hereby advised that Sarah E. Sholes is designated as Trial Counsel.

Dated: May 27, 2008
      Poughkeepsie, New York

    Yours etc.,
    SHOLES & MILLER, LLP

    By:_____/s/_____
    Sarah E. Sholes (SS6445)
    Attorneys for Defendants,
    Orange Regional Medical Center
    327 Mill Street
    P.O. Box 4609
    Poughkeepsie, NY 12602
    Telephone:845-454-5909
    Facsimile:845-454-5971
    SES@sholesmiller.com

TO: COZEN O'CONNOR
    Attn: Christopher C. Fallon, Jr.
    Attorneys for Plaintiff
    45 Broadway, 16th Floor
    New York, New York 10006
    (800) 523-2900

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CELIA KATZ, Individually, and as Administratrix of the Estate of MICHAEL KATZ | CIVIL ACTION NO.: 2008-4029 |

Plaintiff,

vi.

MICHAEL D. LANIGAN, MD,
MITCHELL S. STRAND, MD,
ELLIOTT MAYEFSKY, MD,
CLEVELAND W. LEWIS, JR. MD, and
ORANGE REGIONAL MEDICAL CENTER,

Defendants.

## CERTIFICATE OF SERVICE

I certify that I am over eighteen years of age and am not a party to this action. On May 27, 2008, I served a copy of DEFENDANT ORMC'S ANSWER, by using the CM/ECF system which will send notification of such filing to registered counsel electronically. Pursuant to that notification, a true and correct copy of the foregoing was sent via email to any party or counsel not receiving electronic service from the CM/ECF pursuant to the consent of all parties to this form of service.

Dated: May 27, 2008
      Poughkeepsie, NY

/s/
Sarah E. Sholes (SS6445)

SHOLES & MILLER, LLP    ATTORNEYS AT LAW    327 MILL STREET, P.O. BOX 4609, POUGHKEEPSIE, NY 12602