UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CELIA KATZ, Individually and as Administratrix of the Estate of MICHAEL KATZ

Index No. 08CIV4029

Plaintiff,

-against-

**ANSWER**

MICHAEL D. LANIGAN, M.D., MITCHELL S. STRAND, M.D., ELLIOTT MAYEFSKY, M.D., CLEVELAND W. LEWIS, JR., M.D. and ORANGE REGIONAL MEDICAL CENTER

Defendants.
------------------------------------------------------------------------X

Defendant, CLEVELAND W. LEWIS, JR., M.D., by his attorneys, FELDMAN, KLEIDMAN & COFFEY, LLP, answering the Verified Complaint of the plaintiff herein, states as follows:

### AS TO THE PARTIES

1. Deny any knowledge or information sufficient to for a belief thereof as to each and every allegation contained in paragraphs numbered "1", "2", "3", "4" and "6" of plaintiff's Complaint.

2. Admit each and every allegation contained in paragraph numbered "5" of plaintiff's Complaint.

Deny each and every allegation in said Complaint contained herein not otherwise specifically admitted or denied.

### AS TO JURISDICTION AND VENUE

3. Deny any knowledge or information sufficient to form a belief thereof as to each and every allegation contained in paragraphs numbered "7" and "8" of plaintiff's Complaint.

Deny each and every allegation in said Complaint contained herein not otherwise specifically admitted or denied.

## AS TO GENERAL ALLEGATIONS

4. Deny any knowledge or information sufficient to form a belief thereof as to each and every allegation contained in paragraphs numbered "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "22", "23", "24", "25", "26", "28", "29", "31", "32", "33", "35", "37", "38", "39", "40", "41", "44", "45", "46", "47", "48", "51", "52", "53" and "54" of plaintiff's Complaint.

5. Deny each and every allegation contained in paragraphs numbered "21", "42", "43", "49", "50", "55" and "56" of plaintiff's Complaint.

6. Deny each and every allegation contained in paragraph numbered "27" of plaintiff's Complaint except admit that Dr. Lewis recommended transfer.

7. Deny each and every allegation contained in paragraph numbered "30" of plaintiff's Complaint except admit that Dr. Lewis was informed by telephone of Dr. Katz' condition. He recommended transfer.

8. Deny each and every allegation contained in paragraph numbered "34" of plaintiff's Complaint except admit that Dr. Lewis called the trauma attending physician at Westchester Medical Center to transfer Dr. Katz.

9. Deny each and every allegation contained in paragraph numbered "36" of plaintiff's Complaint except admit that Dr. Lewis examined Dr. Katz.

Deny each and every allegation in said Complaint contained herein not otherwise specifically admitted or denied.

## AS TO COUNT I

10. Defendant, CLEVELAND W. LEWIS, JR., M.D., repeats, reiterates and realleges each of the allegations set forth in the Answer above with the same force and effect as if set forth herein at length as alleged in paragraph numbered "57" of plaintiff's Complaint.

11. Deny each and every allegation contained in paragraphs numbered "58", "61" and "62" of plaintiff's Complaint.

12. Deny any knowledge or information sufficient to form a belief thereof as to each and every allegation contained in paragraph numbered "59" of plaintiff's Complaint.

13. Deny each and every allegation contained in paragraph numbered "60" of plaintiff's Complaint, leaving all questions of law for resolution by the Trial Court.

Deny each and every allegation in said Complaint contained herein not otherwise specifically admitted or denied.

## AS TO COUNT II

14. Defendant, CLEVELAND W. LEWIS, JR., M.D., repeats, reiterates and realleges each of the allegations set forth in the Answer above with the same force and effect as if set forth herein at length as alleged in paragraph numbered "63" of plaintiff's Complaint.

15. Deny each and every allegation contained in paragraph numbered "64" of plaintiff's Complaint, leaving all questions of law for resolution by the Trial Court.

16. Deny each and every allegation contained in paragraphs numbered "65" and "66" of plaintiff's Complaint.

Deny each and every allegation in said Complaint contained herein not otherwise specifically admitted or denied.

## AS TO COUNT III

17. Defendant, CLEVELAND W. LEWIS, JR., M.D., repeats, reiterates and realleges each of the allegations set forth in the Answer above with the same force and effect as if set forth herein at length as alleged in paragraph numbered "67" of plaintiff's Complaint.

18. Deny each and every allegation contained in paragraph numbered "68" of plaintiff's Complaint.

Deny each and every allegation in said Complaint contained herein not otherwise specifically admitted or denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. That the plaintiff's complaint fails to state facts sufficient to state a cause of action against this answering defendant, Cleveland, W. Lewis, Jr., M.D., and should therefore be dismissed pursuant to CPLR 3211(a)(7).

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. Upon information and belief, the plaintiff's economic loss, if any, as specified in CPLR 4545, was replaced or indemnified in whole or part from collateral sources and the answering defendant is entitled to have the Court consider the same as reducing or offsetting damages under any verdict in this action, in determining such damages as provided by CPLR 4545.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. The answering defendant denies liability but pleads that if found liable at all in this matter, said defendant's liability is fifty percent (50%) or less of the total liability of all persons and/or entities liable; any by reason of CPLR Article 16, the answering defendant's liability to the plaintiff for no-economic loss shall not exceed the answering defendant's equitable share, determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. The answering defendant hereby asserts of setoff pursuant to GOL Section 15-108 against any and all settlements entered into by or judgments recovered by the plaintiff with reference to

the injuries at issue.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. That if plaintiff's decedent sustained any injury or incurred any loss or damages as alleged in the Complaint, the same was caused in whole or in part by actions or omissions of another or others over whom the answering defendant is not responsible, and whose conduct the defendant had no duty or reason to anticipate or control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. At the time of trial, this answering defendant will ask the Court to charge the jury on the issues of indemnification and/or apportionment or contribution among all responsible tortfeasors.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. The relative culpability of each party who is or may be liable for the damages alleged by the plaintiff in this action should be determined in accordance with the decisional and statutory law fo the State of New York, and the equitable share of each party's liability for contribution should be determined and apportioned in accordance with the relative culpability, if any, of each such party pursuant to Article 14 of the CPLR.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. New York State is the forum state in this matter, thus the claims and damages alleged by the plaintiff in this action should be determined in accordance with the decisional and statutory laws of the State of New York.

WHEREFORE, the defendant, CLEVELAND W. LEWIS, JR., M.D., demands judgment against the plaintiff as follows:

a) dismissing the plaintiff's Complaint, together with the costs and disbursements of this action;

b)  in the alternative, and in the event that plaintiff prevails against the answering defendant, then it is requested that the Court instruct the jury as to the apportionment of damages among any responsible tort feasors, including the plaintiff; and

c)  in the event plaintiff prevails, the answering defendant demands judgment reducing the amount of damages as against the answering defendant by the respective percentage of fault of the plaintiff.

Dated: Fishkill, New York
       June 27, 2008

Yours, etc.,

By: _____
ROBERT P. RICH, JR. (RR1044)
FELDMAN, KLEIDMAN & COFFEY, L.L.P.
Attorneys for Defendant LEWIS, M.D.
995 Main Street, P.O. Box A
Fishkill, NY 12524
845-897-5199

TO: Cozen O'Connor
Attorneys for Plaintiff
45 Broadway, 16th Floor
New York, NY 10006

SHOLES & MILLER, LLP
Attorneys for Defendants
MICHAEL D. LANIGAN, M.D.,
MITCHELL S. STRAND, M.D.,
ELLIOTT MAYEFSKY, M.D.
& ORANGE REGIONAL MEDICAL CENTER
327 Mill Street
P.O. Box 4609
Poughkeepsie, NY 12602

F:\Shared\L5609\Pleadings\Answer 6-27-08.doc